# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| NICHOLAS ENNIS, FIREARMS POLICY COALITION, INC., and FIREARMS POLICY FOUNDATION,<br><br>    Plaintiffs,<br><br>v.<br><br>COUNTY OF SUMNER, TENNESSEE; ANTHONY HOLT in his official capacity as County Executive and County Mayor of Sumner County, TN; ROY "SONNY" WEATHERFORD in his official capacity as Sumner County Sheriff; CHRIS SANFORD in his individual and official capacities, KYLE MAHANEY in his individual and official capacities; JUSTIN DOWNS in his individual and official capacities; and CARL EDISON in his individual and official capacities,<br><br>    Defendants. | Civil Action No. 3:20-cv-805<br><br>Chief Judge Waverly D. Crenshaw<br>Mag. Judge Barbara D. Holmes<br><br>JURY DEMAND |

## ANSWER

Come now Defendants County of Sumner, Tennessee, Anthony Holt, Roy "Sonny" Weatherford, Chris Sanford, Kyle Mahaney, Justin Downs, and Carl Edison (collectively, "Defendants"), and for their Answer to Plaintiffs' Complaint for Declaratory, Injunctive, and Other Relief, state as follows:

## INTRODUCTION

1. Defendants are without knowledge or information sufficient to admit or deny the allegations contained in the first sentence of Paragraph 1, and such allegations are therefore denied and strict proof demanded thereof. The second sentence of Paragraph 1 lacks specificity to assess the nature of the allegations alleged, if any, and accordingly, Defendants deny the same and

1

demand strict proof thereof. The remainder of Paragraph 1 contains statements of law and/or legal conclusions to which no response is required. To the extent this paragraph alleges any negligence, violations of rights, or other wrongdoing against Defendants, such negligence, violation of rights, or other wrongdoing is denied, and strict proof demanded thereof.

2. Paragraph 2 contains statements of law and/or legal conclusions to which no response is required. To the extent this paragraph alleges any negligence, violations of rights, or other wrongdoing against Defendants, such negligence, violation of rights, or other wrongdoing is denied, and strict proof demanded thereof.

3. The first sentence of Paragraph 3 is denied. The second sentence of Paragraph 3 is denied as written. Defendants admit that Plaintiff Ennis was leaving a gas station when he was issued a citation for a violation of Tenn. Code Ann. § 55-8-187, which was later dismissed. The remaining allegations contained in the second sentence of Paragraph 3 are denied. The third sentence of Paragraph 3 is denied. To the extent this paragraph alleges any negligence, violations of rights, or other wrongdoing against Defendants, such negligence, violation of rights, or other wrongdoing is denied, and strict proof demanded thereof.

4. Paragraph 4 is admitted to the extent it describes the nature of Plaintiffs' suit against Defendants. Defendants deny that either Plaintiff Firearms Policy Coalition, Inc. ("FPC") or Plaintiff Firearms Policy Foundation ("FPF") have standing to bring the causes of action alleged. To the extent this paragraph alleges any negligence, violations of rights, or other wrongdoing against Defendants, such negligence, violation of rights, or other wrongdoing is denied, and strict proof demanded thereof. Defendants further deny that Plaintiffs are entitled to the relief sought, or any relief.

# PLAINTIFFS

5. Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 5, and such allegations are therefore denied and strict proof demanded thereof. Defendants deny Plaintiffs' constitutional rights were violated.

6. Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 6, and such allegations are therefore denied and strict proof demanded thereof. Defendants deny Plaintiff FPC has standing to bring this lawsuit.

7. Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 7, and such allegations are therefore denied and strict proof demanded thereof. Defendants deny Plaintiff FPF has standing to bring this lawsuit.

8. The first sentence of Paragraph 8 is denied. Defendants further deny that either Plaintiff FPC or Plaintiff FPF has standing to bring the causes of action alleged. Defendants are without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 8, and such allegations are therefore denied and strict proof demanded thereof.

9. Admitted that Plaintiff Ennis brings this cause of action on behalf of himself. Defendants deny that Plaintiff Ennis has standing to bring this cause of action in a representative capacity and/or on behalf of any alleged class of individuals. Defendants are without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 9, and such allegations are therefore denied and strict proof demanded thereof.

10. Defendants deny that either Plaintiff FPC or Plaintiff FPF has standing to bring the causes of action alleged. Defendants are without knowledge or information sufficient to admit or deny the remaining allegations contained in the first sentence in Paragraph 10. The allegations contained in the second sentence of Paragraph 10 are denied.

11. Defendants deny that any of the Plaintiffs have standing to bring the causes of action alleged in a representative capacity and/or on behalf of any alleged class of individuals. Defendants further deny that Plaintiffs are entitled to the relief sought, or any relief.

**DEFENDANTS**

12. Paragraph 12 contains statements of law and/or legal conclusions to which no response is required. The factual allegations contained in Paragraph 12 are admitted.

13. Paragraph 13 contains statements of law and/or legal conclusions to which no response is required. The factual allegations contained in Paragraph 13 are admitted. Defendants further aver that Plaintiffs' claims against Defendant Holt in his official capacity are redundant and should be dismissed as duplicative of the claims against Defendant Sumner County.

14. The factual allegations contained in Paragraph 14 are admitted. Defendants further aver that Plaintiffs' claims against Defendant Weatherford in his official capacity are redundant and should be dismissed as duplicative of the claims against Defendant Sumner County. The remainder of this paragraph contains statements of law and/or legal conclusions to which no response is required.

15. Admitted. Defendants further aver that Plaintiffs' claims against Defendant Sanford in his official capacity are redundant and should be dismissed as duplicative of the claims against Defendant Sumner County.

16. Admitted. Defendants further aver that Plaintiffs' claims against Defendant Mahaney in his official capacity are redundant and should be dismissed as duplicative of the claims against Defendant Sumner County.

17. Admitted. Defendants further aver that Plaintiffs' claims against Defendant Downs in his official capacity are redundant and should be dismissed as duplicative of the claims against Defendant Sumner County.

18. Admitted. Defendants further aver that Plaintiffs' claims against Defendant Edison in his official capacity are redundant and should be dismissed as duplicative of the claims against Defendant Sumner County.

## JURISDICTION AND VENUE

19. Admitted that jurisdiction is proper in this Court as to Plaintiff Ennis's claims brought on his own behalf. However, to the extent this paragraph alleges subject matter jurisdiction over Plaintiffs Ennis, FPC, and FPF's claims allegedly brought in a representative capacity and/or on behalf of any alleged class of individuals, Defendants deny that Plaintiffs have standing to bring such claims and, therefore, subject matter jurisdiction over those claims is denied. Defendants further deny that Plaintiffs are entitled to the relief sought, or any relief.

20. Admitted that jurisdiction is proper in this Court as to Plaintiff Ennis's claims brought on his own behalf. However, to the extent this paragraph alleges subject matter jurisdiction over Plaintiffs Ennis, FPC, and FPF's claims allegedly brought in a representative capacity and/or on behalf of any alleged class of individuals, Defendants deny that Plaintiffs have standing to bring such claims and, therefore, subject matter jurisdiction over their claims is denied. Defendants further deny that Plaintiffs are entitled to the relief sought, or any relief.

21. Admitted that venue is proper in this Court. Defendants deny Plaintiffs FPC and FPF have standing to bring this lawsuit.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

22. Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 22, and such allegations are therefore denied and strict proof demanded thereof. Defendants state that the determination of whether Plaintiff Ennis's actions were "lawful and innocuous" calls for a legal conclusion to which no response is required.

23. The referenced exhibit speaks for itself. To the extent this paragraph alleges any negligence, violations of rights, or other wrongdoing against Defendants, such negligence, violation of rights, or other wrongdoing is denied, and strict proof demanded thereof.

24. Admitted that Plaintiff Ennis was at a gas station in Sumner County, Tennessee at approximately 5:04 p.m. on September 25, 2019. Defendants are without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 24, and such allegations are therefore denied and strict proof demanded thereof.

25. Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 25, and such allegations are therefore denied and strict proof demanded thereof.

26. Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 26, and such allegations are therefore denied and strict proof demanded thereof.

27. Paragraph 27 is admitted to the extent that Plaintiff Ennis was not pulled over or cited for any moving violations. Defendants are without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 27, and such allegations are therefore denied and strict proof demanded thereof.

28. Paragraph 28 is admitted to the extent that Plaintiff Ennis was pulled over by Deputy Sanford in his SCSO patrol car, which had its lights activated. Defendants are without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 28, and such allegations are therefore denied and strict proof demanded thereof.

29. Paragraph 29 contains hearsay and therefore calls for Defendants to make a legal conclusion to which no response is required. Defendants are without knowledge or information sufficient to admit or deny the allegations contained in the third sentence of Paragraph 29, and

822520.1/020200106

6

Case 3:20-cv-00805   Document 16   Filed 10/15/20   Page 6 of 18 PageID #: 84

such allegations are therefore denied and strict proof demanded thereof. It is admitted that Plaintiff Ennis was able to speak with a supervisor. To the extent this paragraph alleges any negligence, violations of rights, or other wrongdoing against Defendants, such negligence, violation of rights, or other wrongdoing is denied, and strict proof demanded thereof.

30. Admitted.

31. Admitted. To the extent this paragraph alleges any negligence, violations of rights, or other wrongdoing against Defendants, such negligence, violation of rights, or other wrongdoing is denied, and strict proof demanded thereof.

32. Admitted that Defendant Sanford issued the citation to Plaintiff Ennis as described. To the extent this paragraph alleges any negligence, violations of rights, or other wrongdoing against Defendants, such negligence, violation of rights, or other wrongdoing is denied, and strict proof demanded thereof.

33. Paragraph 33 contains statements of law and/or legal conclusions to which no response is required.

34. Paragraph 34 contains statements of law and/or legal conclusions to which no response is required.

35. Paragraph 35 contains statements of law and/or legal conclusions to which no response is required. Footnote 1 to Paragraph 35 also contains statements of law and/or legal conclusions to which no response is required. Footnote 2 to Paragraph 35 is denied.

36. Admitted. To the extent this paragraph alleges any negligence, violations of rights, or other wrongdoing against Defendants, such negligence, violation of rights, or other wrongdoing is denied, and strict proof demanded thereof. Footnote 3 to Paragraph 36 contains statements of law and/or legal conclusions to which no response is required. The remainder of Footnote 3 is admitted.

37. Admitted.

38. Paragraph 38 is admitted to the extent that Plaintiff Ennis contacted the SCSO. Denied that Plaintiff Ennis spoke to Defendant Mahaney on that date. Defendants are without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 38, and such allegations are therefore denied and strict proof demanded thereof. To the extent this paragraph alleges any negligence, violations of rights, or other wrongdoing against Defendants, such negligence, violation of rights, or other wrongdoing is denied, and strict proof demanded thereof.

39. Paragraph 39 contains hearsay and therefore calls for Defendants to make a legal conclusion to which no response is required. To the extent this paragraph alleges any negligence, violations of rights, or other wrongdoing against Defendants, such negligence, violation of rights, or other wrongdoing is denied, and strict proof demanded thereof.

40. The referenced exhibit speaks for itself. To the extent this paragraph alleges any negligence, violations of rights, or other wrongdoing against Defendants, such negligence, violation of rights, or other wrongdoing is denied, and strict proof demanded thereof.

41. Paragraph 41 contains hearsay and therefore calls for Defendants to make a legal conclusion to which no response is required. To the extent this paragraph alleges any negligence, violations of rights, or other wrongdoing against Defendants, such negligence, violation of rights, or other wrongdoing is denied, and strict proof demanded thereof.

42. Denied as written. Defendants deny that Plaintiff Ennis suffered any damages or injuries or that any damages or injuries alleged in this paragraph were directly or proximately caused by any alleged actions of Defendants. Defendants further state that Plaintiff Ennis was under prosecution for approximately three months by the State of Tennessee, not Defendants. The duration of this prosecution was lengthened by continuances, at least one of which was a result of

an Agreed Order between Plaintiff Ennis and the State. Defendants are without knowledge or information sufficient to admit or deny what actions Plaintiffs took during the prosecution, and such allegations are therefore denied and strict proof demanded thereof. It is admitted the State abandoned the matter *nolle prosequi* on January 3, 2020.

43. Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 43, and such allegations are therefore denied and strict proof demanded thereof. Defendants deny that Plaintiff Ennis suffered any damages or injuries or that any alleged damages or injuries alleged in this paragraph were directly or proximately caused by any alleged actions of Defendants. To the extent this paragraph alleges any negligence, violations of rights, or other wrongdoing against Defendants, such negligence, violation of rights, or other wrongdoing is denied, and strict proof demanded thereof.

44. Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 44, and such allegations are therefore denied and strict proof demanded thereof.

45. The first sentence of Paragraph 45 is denied. Defendants are without knowledge or information sufficient to admit or deny what actions Plaintiff Ennis will take with his sticker, and such allegations are therefore denied and strict proof demanded thereof. The second sentence of Paragraph 45 lacks specificity to assess the nature of the allegations alleged, if any, and accordingly, Defendants deny the same and demand strict proof thereof. Moreover, Defendants deny that Plaintiff Ennis has standing to bring this cause of action in a representative capacity and/or on behalf of any alleged class of individuals. Defendants further deny that Plaintiffs are entitled to the relief sought, or any relief.

822520.1/020200106

9

Case 3:20-cv-00805   Document 16   Filed 10/15/20   Page 9 of 18 PageID #: 87

# CLAIMS FOR RELIEF

## COUNT I: DEPRIVATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983

### UNCONSTITUTIONAL SEIZURE
### (U.S. CONST., FOURTH & FOURTEENTH AMENDS.; TENN. CONST. ART. 1, § 7)

46. Defendants incorporate by reference each preceding paragraph as though fully set forth herein.

### A. Clearly Established Fourth Amendment Principles

47. Paragraph 47 contains statements of law and/or legal conclusions to which no response is required.

48. Paragraph 48 contains statements of law and/or legal conclusions to which no response is required.

49. Paragraph 49 contains statements of law and/or legal conclusions to which no response is required.

50. Paragraph 50 contains statements of law and/or legal conclusions to which no response is required.

51. Paragraph 51 contains statements of law and/or legal conclusions to which no response is required.

### B. Clearly Established First Amendment Principles

52. Paragraph 52 contains statements of law and/or legal conclusions to which no response is required.

53. Paragraph 53 contains statements of law and/or legal conclusions to which no response is required.

54. Paragraph 54 contains statements of law and/or legal conclusions to which no response is required.

55. Paragraph 55 contains statements of law and/or legal conclusions to which no response is required.

56. Paragraph 56 contains statements of law and/or legal conclusions to which no response is required.

57. Paragraph 57 contains statements of law and/or legal conclusions to which no response is required.

      **C.    The Traffic Stop, Detention, and Charging of a Crime Were Objectively Unreasonable Under the Clearly Established Law**

58. The allegations contained in Paragraph 58 are denied. Footnote 4 contains statements of law and/or legal conclusions to which no response is required.

59. Paragraph 59 contains statements of law and/or legal conclusions to which no response is required. To the extent this paragraph alleges any negligence, violations of rights, or other wrongdoing against Defendants, such negligence, violation of rights, or other wrongdoing is denied, and strict proof demanded thereof.

60. Paragraph 60 contains statements of law and/or legal conclusions to which no response is required. To the extent this paragraph alleges any negligence, violations of rights, or other wrongdoing against Defendants, such negligence, violation of rights, or other wrongdoing is denied, and strict proof demanded thereof.

61. Paragraph 61 contains statements of law and/or legal conclusions to which no response is required. To the extent this paragraph alleges any negligence, violations of rights, or other wrongdoing against Defendants, such negligence, violation of rights, or other wrongdoing is denied, and strict proof demanded thereof.

62. Paragraph 62 contains statements of law and/or legal conclusions to which no response is required. Defendants deny the allegations in the last sentence of this paragraph.

### D. All Defendants Are Liable for the Constitutional Violations

63. Defendants deny that Plaintiff Ennis suffered any damages or injuries or that any damages or injuries alleged in this paragraph were directly or proximately caused by any alleged actions of Defendants. Defendants further aver that Plaintiffs' claims against the individual Defendants in their official capacities are redundant and should be dismissed as duplicative of the claims against Defendant Sumner County.

64. Denied. Defendants deny that Plaintiff Ennis suffered any damages or injuries or that any damages or injuries alleged in this paragraph were directly or proximately caused by any alleged actions of Defendants. Defendants further aver that Plaintiffs' claims against the individual Defendants in their official capacities are redundant and should be dismissed as duplicative of the claims against Defendant Sumner County.

65. Admitted. To the extent this paragraph alleges any negligence, violations of rights, or other wrongdoing against Defendants, such negligence, violation of rights, or other wrongdoing is denied, and strict proof demanded thereof.

66. Admitted, except that Defendants deny any constitutional violation took place. Further, Defendants aver that the State, and not Sumner County, prosecuted Plaintiff Ennis.

67. Paragraph 67 is admitted to the extent that it describes the traffic stop and citation received by Plaintiff Ennis. The email contained in Exhibit B speaks for itself. To the extent this paragraph alleges any negligence, violations of rights, or other wrongdoing against Defendants, such negligence, violation of rights, or other wrongdoing is denied, and strict proof demanded thereof. Further, Paragraph 67 contains hearsay and therefore calls for Defendants to make a legal conclusion to which no response is required.

68. Denied as written. The first and second sentences are admitted to the extent that Defendant Edison did not "intervene" with the charge. The remainder of Paragraph 68 is denied. Defendants deny that any constitutional violation took place.

69. The allegations contained in Paragraph 69 are denied.

70. Defendants are without knowledge or information sufficient to admit or deny the allegations regarding other enforcement under the same statute, and such allegations are therefore denied and strict proof demanded thereof. Defendants deny that any constitutional violation took place.

71. Paragraph 71 contains statements of law and/or legal conclusions to which no response is required. Further, Defendants deny any constitutional violation took place.

72. The allegations contained in Paragraph 72 are denied.

73. Paragraph 73 contains statements of law and/or legal conclusions to which no response is required. Further, Defendants deny any constitutional violation took place.

74. The allegations contained in Paragraph 74 are denied.

75. The allegations contained in Paragraph 75 are denied. Defendants specifically aver that Plaintiff Ennis was not charged under Tenn. Code Ann. § 39-17-901, and further deny that Plaintiff Ennis suffered any damages or injuries or that any damages or injuries alleged in this paragraph were directly or proximately caused by any alleged actions of Defendants. Moreover, Defendants deny that Plaintiff Ennis has standing to bring this cause of action in a representative capacity and/or on behalf of any alleged class of individuals.

76. Defendants deny that Plaintiff Ennis suffered any damages or injuries or that any damages or injuries alleged in this paragraph were directly or proximately caused by any alleged actions of Defendants. Moreover, Defendants deny that Plaintiff Ennis has standing to bring this

cause of action in a representative capacity and/or on behalf of any alleged class of individuals. Defendants further deny that Plaintiffs are entitled to the relief sought, or any relief.

**COUNT II: DEPRIVATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

**FREE SPEECH RIGHTS VIOLATIONS
(U.S. CONST., FIRST & FOURTEENTH AMENDS.;
TENN. CONST., ART. 1, § 19)**

77. Defendants incorporate by reference each preceding paragraph as though fully set forth herein.

78. The allegations contained in Paragraph 78 are denied.

79. The first sentence of paragraph 79 is denied. The remainder of Paragraph 79 contains statements of law and/or legal conclusions to which no response is required.

80. Paragraph 80 contains statements of law and/or legal conclusions to which no response is required.

81. Paragraph 81 contains statements of law and/or legal conclusions to which no response is required. To the extent this paragraph alleges any negligence, violations of rights or wrongdoing on the part of Defendants, such negligence, violation of rights or wrongdoing is denied and strict proof demanded thereof.

82. The allegations contained in Paragraph 82 are denied.

83. The first sentence of Paragraph 83 is denied as written. The email contained in Exhibit B speaks for itself. The second sentence of Paragraph 83 is admitted. The third sentence is admitted to the extent that Defendant Edison did not "intervene" with the charge; however, the remainder of the third sentence is denied. The fourth and fifth sentences of Paragraph 83 are denied as written. The sixth sentence is denied. Further, Paragraph 83 contains hearsay and therefore calls for Defendants to make a legal conclusion to which no response is required.

84. The allegations contained in Paragraph 84 are denied.

822520.1/020200106

14

Case 3:20-cv-00805  Document 16  Filed 10/15/20  Page 14 of 18 PageID #: 92

85. The allegations contained in Paragraph 85 are denied.

86. The allegations contained in Paragraph 86 are denied. Defendants specifically aver that Plaintiff Ennis was not charged under Tenn. Code Ann. § 39-17-901, and further aver that Plaintiff Ennis suffered any damages or injuries or that any damages or injuries alleged in this paragraph were directly or proximately caused by any alleged actions of Defendants. Moreover, Defendants deny that Plaintiff Ennis has standing to bring this cause of action in a representative capacity and/or on behalf of any alleged class of individuals.

87. Defendants deny that Plaintiff Ennis suffered any damages or injuries or that any damages or injuries alleged in this paragraph were directly or proximately caused by any alleged actions of Defendants. Moreover, Defendants deny that Plaintiff Ennis has standing to bring this cause of action in a representative capacity and/or on behalf of any alleged class of individuals. Defendants further deny that Plaintiffs are entitled to the relief sought, or any relief, including the request for injunctive relief.

88. Defendants deny that Plaintiffs are entitled to the relief requested in their Request for Relief, or any relief.

89. Any allegations not previously admitted or denied are hereby denied, and strict proof demanded thereof.

## **SPECIAL AND AFFIRMATIVE DEFENSES**

1. Plaintiffs fail to state a claim upon which relief can be granted.

2. Plaintiff FPC's claims are barred by its lack of standing and accordingly the Court lacks subject matter jurisdiction over its claims.

3. Plaintiff FPF's claims are barred by its lack of standing and accordingly the Court lacks subject matter jurisdiction over its claims.

4. Plaintiff Ennis's claims in a representative capacity and/or on behalf of any alleged class of individuals are barred by his lack of standing and accordingly the Court lacks subject matter jurisdiction over such claims.

5. Plaintiffs' claims against the individual Defendants in their official capacities are redundant and should be dismissed as duplicative of the claims against Defendant Sumner County.

6. Defendants are entitled to the defense of qualified immunity.

7. Plaintiffs' Complaint fails to state that it is the first request for extraordinary relief.

8. Plaintiffs have failed to establish that they are entitled to injunctive relief.

9. Defendants aver that their policies and procedures are appropriate.

10. Plaintiffs are solely responsible for the alleged damages or injuries claimed in this Complaint.

11. Defendants did not make the decision to prosecute Plaintiff Ennis. Any prosecutorial decisions were made by the State of Tennessee. To the extent Plaintiffs believe the prosecution was inappropriate, such allegations must be made against the State, and not the Defendants.

**WHEREFORE**, Defendants, having answered Plaintiffs' Complaint, pray as follows:

1. That Plaintiffs' Complaint be dismissed and judgment be entered for Defendants;

2. That Plaintiffs be compelled to reimburse Defendants for their attorneys' fees, costs, and expenses incurred in defending this matter; and

3. For any such other and further relief as in the interest of justice may require.

Respectfully submitted,

*/s/ Thomas B. Russell*
Leah May Dennen, #12711
Sumner County Law Director
Benjamin C. Allen, #35923
355 North Belvedere Drive, Room 303
Gallatin, TN 37066
615-451-6060
LeahMay@sumnercountytn.gov
Ben@sumnercountytn.gov

Thomas B. Russell, #26011
Sarah L. Locker, #31994
GULLETT SANFORD ROBINSON & MARTIN PLLC
150 Third Avenue South, Suite 1700
Nashville, TN 37201
615-244-4994
trussell@gsrm.com; slocker@gsrm.com

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

      I hereby certify that on the 15th day of October, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Eugene Volokh
385 Charles E. Young Dr. E.
Los Angeles, CA 90095
volokh@law.ucla.edu

*Attorney for Plaintiffs*

Lloyd R. Tatum
Tatum & Tatum
P O Box 293
124 E Main Street
Henderson, TN 38340
lloydtatum1@yahoo.com

*Attorneys for Plaintiffs*

Michael Sousa
3232 Governor Drive, Suite A
San Diego, CA 92122
msousa@msousalaw.com

*Attorney for Plaintiffs*

Raymond DiGuiseppe
The DiGuiseppe Law Firm, P.C.
4320 Southport-Supply Road, Suite 300
Southport, NC 28461
law.rmd@gmail.com

*Attorneys for Plaintiffs*

                                                */s/ Thomas B. Russell*