# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

NICHOLAS ENNIS, FIREARMS POLICY )
COALITION, INC., and FIREARMS POLICY )
FOUNDATION, )
         )
      Plaintiffs, )
         )
v. )   Civil Action No. 3:20-cv-0805
         )
COUNTY OF SUMNER, TENNESSEE; )   Chief Judge Waverly D. Crenshaw
ANTHONY HOLT in his official capacity as )   Mag. Judge Barbara D. Holmes
County Executive and County Mayor of )
Sumner County, TN; ROY "SONNY" )
WEATHERFORD in his official capacity as )   JURY DEMAND
Sumner County Sheriff; CHRIS SANFORD in )
his individual and official capacities, KYLE )
MAHANEY in his individual and official )
capacities; JUSTIN DOWNS in his individual )
and official capacities; and CARL EDISON in )
his individual and official capacities, )
         )
      Defendants. )

## INITIAL CASE MANAGEMENT ORDER

The initial case management conference was held telephonically on October 27, 2021. Counsel participating were: Lloyd Tatum and Raymond DiGuiseppe for Plaintiffs and Thomas Russell and Sarah Locker for Defendants. From the proposed initial case management order submitted by the parties (Docket No. 18) and discussion during the initial case management conference, and pursuant to Local Rule 16.01, the following case management schedule and plan is adopted.

    A.    JURISDICTION: The Court has jurisdiction pursuant to 28 U.S.C. § 1331 with respect to Plaintiff Nicholas Ennis. Defendants have denied that Plaintiffs Firearms Policy

1

Coalition, Inc. and Firearms Policy Foundation have standing to bring this lawsuit, as Defendants will argue they have not suffered any violation of civil or other rights.

B.    BRIEF THEORIES OF THE PARTIES:

**For Plaintiffs**: Defendants violated the fundamental constitutional rights of Plaintiff Ennis by employing their search-and-seizure law enforcement powers to target for suppression a political message about gun control peaceably displayed on the window of his truck in the lawful exercise of free speech. Defendants' conduct evinces a policy, practice, and/or custom of misusing the law enforcement powers of the Sumner County Sheriff's Office to suppress speech which is fully protected but which they find merely distasteful or vulgar, in violation of both the First and Fourth Amendments to the United States Constitution, as well as the counterpart provisions of the Tennessee Constitution. Their conduct also evinces retaliatory motivations of the individual deputies involved, who detained Ennis, accused him of a crime, and actively sought criminal sanction against him for engaging in such speech.

**For Defendants**: On September 25, 2019, Sumner County Sherriff Deputies Chris Sanford and Kyle Mahaney witnessed Plaintiff Nicholas Lee Ennis ("Plaintiff") pulling out of a gas station. Affixed to one of the windows of his vehicle was a large sticker which stated "Fuck Gun Control." The letters "F" and "K" in the obscenity were in the shape of assault weapons. Tenn. Code Ann. § 55-8-187 makes it illegal for any motor vehicle to display an "obscene and patently offensive" window sign. A person convicted under this statute is subject to a fine. Tenn. Code Ann. § 39-17-901(11) defines "patently offensive" as "that which goes substantially beyond customary limits of candor in describing or representing such matters." Pursuant to these statutes, Deputies Sanford and Mahaney pulled the Plaintiff over. Deputy Sanford approached Plaintiff's vehicle. Deputy Sanford explained to Plaintiff he was pulled over for his offensive window sticker, which violated

2

state law against obscene window stickers. Apparently, believing his rights to free speech were violated, Plaintiff requested to speak to Deputy Sanford's supervisor. At the time, Deputy Sanford's immediate supervisor was Deputy Mahaney. Deputy Mahaney discussed the matter with Plaintiff. Pursuant to Tenn. Code Ann. § 55-8-187, the deputies issued Plaintiff a citation.

At some point later Plaintiff called the Sumner County Sherriff's Office and spoke to Defendant Justin Downs to complain about the citation. Plaintiff was referred to Defendant Carl Edison. Defendant Edison noted Plaintiff's complaint but allowed the citation to stand. The State made the decision to prosecute Plaintiff, but after a few continued court dates, the State decided on January 3, 2020 to abandon the matter *nolle prosequi*.

Defendants maintain they had probable cause to pull Plaintiff over and issue the citation, as Plaintiff's window sticker was "patently offensive" as defined by the above statutes. Accordingly, none of Defendants violated Plaintiff's civil rights or any other rights.

C.     ISSUES RESOLVED: Venue is resolved but the Defendants dispute that this Court has jurisdiction over Plaintiffs Firearms Policy Coalition and Firearms Policy Foundation, as the Defendants will argue these entities do not have standing to bring this lawsuit.

D.     ISSUES STILL IN DISPUTE:

**Plaintiffs' Issues in Dispute**

1.     Whether the conduct of which Plaintiffs complain in the Complaint establishes that Defendants have violated and, unless and until judicially enjoined, pose a credible threat of continuing to violate, their rights to remain free of unreasonable searches and seizures under the Fourth and Fourteenth Amendments to the United States Constitution and the counterpart provisions of the Tennessee Constitution.

2.     Whether the conduct of which Plaintiffs complain in the Complaint establishes that

Defendants have violated and, unless and until judicially enjoined, pose a credible threat of continuing to violate, their free speech rights under the First and Fourteenth Amendments to the United States Constitution and the counterpart provisions of the Tennessee Constitution.

**Defendants' Issue in Dispute**

Whether, after observing the patently offensive window sticker, Defendants Sanford and Mahaney had probable cause to stop Plaintiff Ennis, as displaying his window sticker resulted in a crime in violation of Tenn. Code Ann. § 55-8-187.

E.       INITIAL DISCLOSURES:  The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1), which must include copies (not descriptions) of responsive documents, on or before **November 10, 2020**.

F.       CASE RESOLUTION PLAN AND JOINT STATUS REPORTS:  The parties must make a **minimum of two independent, substantive** attempts to resolve this case.[1]  By no later than **February 24, 2021**, the parties must file a joint case resolution status report confirming their first

---

[1] The Court encourages the parties and their counsel to carefully consider resolution of this case prior to trial. In addition to all the standard reasons that a resolution is beneficial, the unpredictable impact on the Court's operations from the coronavirus pandemic is another consideration. Consistent with local and national efforts, the Court has imposed restrictive measures to manage the spread of the virus and limit the potential for illness and death, including restricted, conditional access to the courthouse, postponement of criminal jury trials and other in-court proceedings, postponement of grand jury proceedings, and use of video or telephonic conferencing for critical proceedings. The Court has adopted a phased approach during the pandemic to continue and resume operations. The Court is unable to predict what long-term impact these necessary measures will ultimately have on operations. The Court notes that it is now ready, willing, and able to hold civil jury trials, subject to changing conditions and with appropriate safety measures in place.  However, once criminal trials resume, any scheduled civil jury trial could be forced to give way to a criminal trial. In light of the uncertain duration of the ongoing COVID-19 pandemic, the number of jury trials (both criminal and civil) that have had to be postponed, the legal imperative to prioritize criminal trials once the Court can hold criminal jury trials again, and the congestion of the Court's calendar even prior to the pandemic, the Court strongly encourages litigants in all pending civil cases to intensify their efforts at case resolution as a means by which they can ensure not only certainty of outcome and finality, but also the timing of resolution.

4

substantive attempt at settlement. **The parties must have conducted enough discovery or otherwise exchanged enough information prior to this date to substantively evaluate and discuss settlement.** By no later than **August 13, 2021**, the parties must file another joint status report, which either confirms their second substantive attempt at case resolution or updates the Court on the status of their intended second attempt. The parties' joint reports **must state** the specific steps taken toward case resolution, including that an offer or demand was made and responded to and that counsel discussed the parties' positions and specific next steps to promote case resolution. In other words, the parties must "show their work" in creating a plan to facilitate successful settlement negotiations. The parties may mediate by agreement without the need of further order unless referral for pro bono mediation is requested (which must be made by motion). Any motion for pro bono mediation must include a statement as to why private mediation is not feasible. Any motion for a judicial settlement conference must state (i) the reasons why mediation is not feasible and why a judicial settlement conference is the preferable means of attempting to resolve the case; (ii) the parties' proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference. The parties' compliance with this case resolution plan is not optional.

G.      DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before **June 28, 2021**. Discovery is not stayed during dispositive or other motions, unless ordered by the Court. No motions concerning discovery are to be filed until after counsel have spoken in a good faith effort to resolve any dispute(s). To move this case forward, even while accommodating restrictions or recommendations intended to slow the transmission and spread of COVID-19, the parties shall: (i) discuss the fullest possible utilization of written discovery, including the use of Fed. R. Civ. P. 31 and (ii) utilize Fed. R. Civ. P. 29 to stipulate to

823641.1/020200106

details for taking depositions by video or other remote means. The parties may seek assistance from the Court with the logistics of written discovery or remote depositions by contacting chambers for a status conference without the necessity of compliance with the ordinary discovery dispute resolution procedures.

No discovery disputes may be brought to the Court for resolution before lead counsel for all parties have either conducted an in-person meeting or spoken directly with each other in a good faith effort to resolve any dispute(s). Discovery disputes that cannot be resolved after the required in-person meeting or discussion should be brought promptly to the attention of the Magistrate Judge by a request for a discovery conference. It will be within the Magistrate Judge's discretion to allow filing of discovery-related motions, after counsel have scheduled and participated in a discovery conference. In connection with any discovery conference, the parties must file a joint discovery dispute statement, of no more than 3 pages per affected party per issue, which identifies and describes the specific discovery request(s) in dispute and details each party's position with supporting facts and legal authorities, including as to any proportionality considerations. The joint discovery dispute statement must certify that lead counsel for all parties conducted the required in-person meeting or conversation and made a good faith effort to resolve each discovery dispute presented in the statement. No discovery conference will be held until a compliant joint statement is filed. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01, but must clearly state in the filing made in accordance with the timing requirements of Local Rule 7.01 that the joint statement is adopted as the party's memorandum of law or response.

823641.1/020200106

H.     MOTIONS TO AMEND OR TO ADD PARTIES: Any motions to amend or to add parties must be filed by no later than **January 22, 2021** and must comply with Local Rules 7.01 and 15.01.  Failure to comply with local rules may result in denial of the motion.

I.     DISCLOSURE OF EXPERTS:  The plaintiff shall identify and disclose all expert witnesses and expert reports on or before **July 28, 2021**. The defendant shall identify and disclose all expert witnesses and reports on or before **August 27, 2021**. Rebuttal experts and reports shall be permitted only by leave of court.  Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial.  *See* Local Rule 39.01(c)(5)(C).

J.     DEPOSITIONS OF EXPERT WITNESSES:  All experts shall be deposed by no later than **October 15, 2021**.

K.     SUBSEQUENT CASE MANAGEMENT CONFERENCE. A subsequent case management conference shall be held telephonically using the Court's conference line (*see* Docket No. 12) on **April 21, 2021, at 11:00 a.m. (CT)**, to address: status of discovery (including any discovery issues or disputes); prospect for settlement (including propriety of ADR); and, any other appropriate matters.

L.     DISPOSITIVE MOTIONS:  Responsive briefing and page limits for any motions to dismiss shall be governed by Local Rule 7.01.  Motions for summary judgment must be filed by no later than **November 17, 2021**. Responses to summary judgment motions must be filed by no later than **December 17, 2021**. Briefs or memoranda of law in support of or in opposition to a summary judgment motion shall  not exceed 25 pages.  Optional replies may be filed by no later

7

**than January 7, 2022** and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court.

M.    ELECTRONIC DISCOVERY. The parties anticipate reaching an agreement on how to conduct electronic discovery. Any agreement between the parties to address the topics provided by Administrative Order No. 174-1 must be reduced to writing, signed by counsel, and either filed as a stipulation of agreed-upon electronic discovery procedures, or, if the parties request court approval, submitted as proposed agreed order with an accompanying motion for approval. In the absence of an agreement or compliance with this provision, the default standards of Administrative Order No. 174-1 will apply.

N.    MODIFICATION OF CASE MANAGEMENT ORDER. Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving

8

party's efforts at diligently complying with the originally scheduled deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

O.     ESTIMATED TRIAL TIME AND TARGET TRIAL DATE: The **JURY** trial of this action is expected to last **approximately 3 days**.[2]   A target trial date no earlier than **May 10, 2022**, is respectfully requested. An order setting dates for trial and a pretrial conference, and detailing the parties' pretrial obligations, will be entered separately by Chief Judge Crenshaw.

It is so ORDERED.


_____
BARBARA D. HOLMES
United States Magistrate Judge

---

[2] The parties were also reminded during the case management conference of their option to consent to final disposition by a Magistrate Judge pursuant to Fed. R. Civ. P. 73 and Local Rule 73.01. As discussed, if the parties wish to utilize this option, they may jointly complete and electronically file the form Notice, Consent and Reference of a Civil Action to a Magistrate Judge found on the Court's website under the link for Forms. Not consenting will not result in any adverse consequences, and the Notice should be filed **only if all parties consent** to final disposition by a Magistrate Judge.

9