# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| NICHOLAS ENNIS, FIREARMS POLICY COALITION, INC., and FIREARMS POLICY FOUNDATION,<br><br>    Plaintiffs,<br><br>v.<br><br>COUNTY OF SUMNER, TENNESSEE; ANTHONY HOLT in his official capacity as County Executive and County Mayor of Sumner County, TN; ROY "SONNY" WEATHERFORD in his official capacity as Sumner County Sheriff; CHRIS SANFORD in his individual and official capacities; KYLE MAHANEY in his individual and official capacities; JUSTIN DOWNS in his individual and official capacities; and CARL EDISON in his individual and official capacities,<br><br>    Defendants. | Civil Action No. 3:20-cv-805<br><br>Chief Judge Waverly D. Crenshaw<br>Mag. Judge Barbara D. Holmes<br><br>JURY DEMAND |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OFFICIAL CAPACITY CLAIMS FOR FAILURE TO STATE A CLAIM

Come now Defendants, by counsel, and for their Motion to Dismiss Official Capacity Claims for Failure to State a Claim, state as follows:

## I. INTRODUCTION AND FACTS

For all times relevant Chris Sanford ("Defendant Sanford") and Kyle Mahaney ("Defendant Mahaney") were deputies employed by the Sumner County Sheriff's Office. (Docket Entry No. 1). On September 25, 2019, Defendants Sanford and Mahaney observed Plaintiff Nicholas Ennis ("Plaintiff Ennis") vehicle which displayed a large window sticker that read, "Fuck Gun Control." (Id.). Pursuant to Tenn. Code Ann. § 55-8-187, any window sticker which is

1

829103.2/020200106
Case 3:20-cv-00805   Document 22   Filed 01/28/21   Page 1 of 6 PageID #: 123

obscene or offensive is subject to citation and fines. Due to this statute, the deputies approached Plaintiff Ennis' vehicle and discussed his obscene window sticker. Citing Tenn. Code Ann. § 55-8-187, Defendants Sanford and Mahaney issued Plaintiff Ennis a citation and gave him a court date. After receiving the citation, Plaintiff Ennis spoke with Sumner County Sheriff's Office employees Justin Downs ("Defendant Downs") and Carl Edison ("Defendant Edison") regarding the citation. (Id.). Plaintiff Ennis claims neither of these Defendants did anything to assist him. (Id.). The charges against Plaintiff Ennis were eventually dropped. (Id.).

On September 18, 2020, Plaintiff Ennis, along with the Firearms Policy Coalition, Inc. and Firearms Policy Foundation (collectively, "Plaintiffs") filed this Complaint alleging Defendants violated Plaintiff Ennis' civil rights, specifically his First and Fourth Amendment rights, when Defendants Sanford and Mahaney issued him the citation for the obscene bumper sticker. (Id.). Specifically, Plaintiffs sued the following parties:

1. Sumner County;
2. Sumner County Mayor Anthony Holt, in his official capacity;
3. Sumner County Sheriff Sonny Weatherford, in his official capacity;
4. Chris Sanford, in his individual and official capacities;
5. Kyle Mahaney, in his individual and official capacities;
6. Justin Downs, in his individual and official capacities; and
7. Carl Edison, in his individual and official capacities.

(Id.).

## II. LAW AND ARGUMENT

As explained below, a suit brought against a defendant in his "official capacity" is the same as suing a municipality. As Plaintiffs have named Sumner County as a Defendant, suing the remaining Defendants in their official capacities is redundant and therefore fails to state a claim for which relief may be granted.

### A. The Standard for Dismissal for Failure to State a Claim for Which Relief May be Granted.

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for failing to state a claim upon which relief may be granted. In considering such motions, courts must apply the following standard:

> Accepting all well-pleaded allegations in the complaint as true, the Court considers the factual allegations in the complaint to determine if they plausibly suggest an entitlement to relief.

*Williams v. Curtin,* 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009)).

### B. As Plaintiffs Sued Sumner County, All Official Capacity Claims Should Be Dismissed.

The United States Supreme Court addressed the difference between individual or personal-capacity claims and official-capacity claims in the case of *Kentucky v. Graham*, as follows:

> Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.' As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is *not* a suit against the official personally, for the real party in interest is the entity. Thus, while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.

473 U.S. 159, 165-66 (1985) (internal citations omitted) (emphasis in original). Further,

> Damages actions against public officials require[a] careful adherence to the distinction between personal- and official-capacity suits. *Kentucky v. Graham*, 473 U.S. 159, 165, 87 L. Ed. 2d 114, 105 S. Ct. 3099 (1985). 42 U.S.C. § 1983 imposes liability upon 'every person who, under color of [law] of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws [of the United States] . . . .' . . . 'a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office,' and, 'as such, it is no different from a

> suit against the State itself.' [*Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 105 L. Ed. 2d 45, 109 S. Ct. 2304 (1989).]
> . . .
> To the extent, then, that the plaintiffs' claims against the defendants in this case are § 1983 claims against those persons in their official capacities, as agents of state administrative departments, they are noncognizable. The real party in interest is not the official, but the government entity whose 'policy or custom . . . played a part in the [alleged] violation of federal law. *Hafer v. Melo*, 502 U.S. 21, 25, 116 L. Ed. 2d 301, 112 S. Ct. 358 (1991) (internal quotations omitted).

*Gean v. Hattaway*, 330 F.3d 758, 765-67 (6th Cir. 2003); *see also Autry v. Hooker*, 304 S.W.3d 356, 364 (Tenn. Ct. App. 2009) ("'Official-capacity' suits are in essence another way of pleading an action against the entity represented by the individual defendant."); *Siler v. Scott*, 591 S.W.3d 84, 101-02 (Tenn. Ct. App. 2019).

Sumner County Mayor Anthony Holt and Sumner County Sheriff Sonny Weatherford are only sued in their official capacities, while the other Defendants are sued in both their individual and official capacities. The official capacity suits against these parties are the same as a suit against the County. "A lawsuit against a public official in his or her official capacity is nothing more than a lawsuit against the official's office, so long as the office receives notice of and a chance to respond to the lawsuit." *Nissen v. County of Sumner*, No. 3:13-0842, 2014 U.S. Dist. LEXIS 115284, at *6-7 (M.D. Tenn. July 21, 2014) (citing *Baar v. Jefferson County Bd. of Educ.*, 476 Fed. Appx. 621, 634 (6th Cir. 2012). Sumner County received notice of this lawsuit and filed an Answer. (Docket No. 16).

As such, any official capacity claims against Defendants (other than Sumner County itself) fail to state a claim for which relief may be granted, as they are duplicative of the claim against the municipality Sumner County. Accordingly, the remaining Defendants should be:

1. Sumner County;
2. Chris Sanford, in his individual capacity;
3. Kyle Mahaney, in his individual capacity;
4. Justin Downs, in his individual capacity; and

5. Carl Edison, in his individual capacity.

### III. CONCLUSION

Therefore, for the aforementioned reasons, Defendants respectfully request this Court to grant its Motion to dismiss the official capacity claims for failure to state a claim for which relief may be granted.

Respectfully submitted:

*/s/ Thomas B. Russell*
Leah May Dennen, #12711
Sumner County Law Director
Benjamin C. Allen, #35923
355 North Belvedere Drive, Room 303
Gallatin, TN 37066
615-451-6060
LeahMay@sumnercountytn.gov
Ben@sumnercountytn.gov

Thomas B. Russell, #26011
Sarah L. Locker, #31994
GULLETT SANFORD ROBINSON & MARTIN PLLC
150 Third Avenue South, Suite 1700
Nashville, TN 37201
615-244-4994
trussell@gsrm.com; slocker@gsrm.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 28th day of January, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Eugene Volokh
385 Charles E. Young Dr. E.
Los Angeles, CA 90095
volokh@law.ucla.edu

*Attorney for Plaintiffs*

Lloyd R. Tatum
Tatum & Tatum
P O Box 293
124 E Main Street
Henderson, TN 38340
lloydtatum1@yahoo.com

*Attorneys for Plaintiffs*

Michael Sousa
3232 Governor Drive, Suite A
San Diego, CA 92122
msousa@msousalaw.com

*Attorney for Plaintiffs*

Raymond DiGuiseppe
The DiGuiseppe Law Firm, P.C.
4320 Southport-Supply Road, Suite 300
Southport, NC 28461
law.rmd@gmail.com

*Attorneys for Plaintiffs*

      */s/ Thomas B. Russell*

6
829103.2/020200106
Case 3:20-cv-00805   Document 22   Filed 01/28/21   Page 6 of 6 PageID #: 128