# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| NICHOLAS ENNIS, FIREARMS POLICY COALITION, INC., and FIREARMS POLICY FOUNDATION, ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Civil Action No. 3:20-cv-805 |
| COUNTY OF SUMNER, TENNESSEE; ) ANTHONY HOLT in his official capacity as ) County Executive and County Mayor of ) Sumner County, TN; ROY "SONNY" ) WEATHERFORD in his official capacity as ) Sumner County Sheriff; CHRIS SANFORD ) in his individual and official capacities, ) KYLE MAHANEY in his individual and ) official capacities; JUSTIN DOWNS in his ) individual and official capacities; and ) CARL EDISON in his individual and ) official capacities, ) ) | Chief Judge Waverly D. Crenshaw Mag. Judge Barbara D. Holmes<br><br>JURY DEMAND |
| Defendants. ) | |

# PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OFFICIAL CAPACITY CLAIMS FOR FAILURE TO STATE A CLAIM

Come now Plaintiffs, by counsel, in Opposition to Defendants' Motion to Dismiss Official Capacity Claims for Failure to State a Claim, state as follows:

## I. INTRODUCTION

Defendants have moved for dismissal under Federal Rule of Civil Procedure 12(b)(6), alleging that Plaintiffs have failed to state a claim for which relief may be granted as to the claims against Defendants Holt, Weatherford, Sanford, Mahaney, Downs, and Edison in their official capacity on the grounds of "redundancy" ("MTD").[1] Defendants' Motion should be denied. Plaintiffs seek specific declaratory and injunctive relief against each Defendant in order to secure full and effective relief on their claims. Insofar as each Defendant is and has been instrumental in promulgating, implementing, and enforcing the policies and procedures of the Sumner County Sheriff's Office, Plaintiffs cannot obtain the relief they seek without maintaining suit against all Defendants sued in their official capacity. As such, any general countervailing prudential concerns regarding judicial economy or efficiency are substantially outweighed by the legal and practical need for this action to continue against each such Defendant.

## II. STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). All well-pleaded facts are taken as true, with all reasonable inferences in favor of the plaintiff. *Twombly*, 550 U.S. at 570. When reviewing a motion to dismiss under Rule 12(b)(6), a

---

[1] They do not challenge the claims against Defendants Sanford, Mahaney, Downs, or Edison in their *individual* capacities, and they do not challenge the claims on any ground.

1

court must "construe the complaint in the light most favorable to the plaintiff, [and] accept its allegations as true..." *Directv Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir.1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir.1993)). A Court may not grant a Rule 12(b)(6) motion merely because it does not believe the plaintiff's factual allegations. *Id.*

### III.  THE FACTS AS PLED

The facts supporting the underlying incident which give rise to this action are undisputed. On September 25, 2019, Plaintiff Ennis refueled his truck at a gas station and lawfully drove away when he was stopped by Defendant deputies Chris Sanford and Kyle Mahaney. (Complaint ¶¶ 24 – 28.) Plaintiff Ennis's truck had a window sticker on it stating, "Fuck Gun Control." (Complaint ¶ 23.) Defendants Sanford and Mahaney claimed that they were stopping Plaintiff Ennis because of his sticker, which they perceived as "obscene" or "offensive." They subsequently issued Plaintiff Ennis a citation for violation of T.C.A. § 55-8-187. (Complaint ¶¶ 29 – 32.) After receiving the citation, Plaintiff Ennis contacted the Sumner County Sheriff Office ("SCSO"), asking to speak with Deputy Sanford's supervisor. Plaintiff Ennis spoke with Defendant Mahaney, who confirmed that he was Deputy Sanford's Field Training Officer. (Complaint ¶ 38.) Defendant Mahaney referred Plaintiff Ennis to Defendant Deputy Justin Downs, with whom Plaintiff Ennis likewise spoke. (Complaint ¶¶ 38, 39). Plaintiff Ennis complained to Defendant Downs that his constitutional rights under the First Amendment were violated by this law enforcement action, but Defendant Downs refused to rescind the citation. Defendant Downs referred Plaintiff Ennis to his supervisor, Defendant Deputy Carl Edison. (Complaint ¶ 39.). Plaintiff Ennis spoke with Defendant Edison the next day. Defendant Edison did not dispute any of the actions of the deputies involved; instead, he said he could not, or would not, question the validity of the enforcement

2

actions because he was not present at the scene. He said Plaintiff Ennis would just have to face the judge if he wished to challenge the citation. Defendant Edison also commented that he thought it would "be interesting to see what transpires in court on that one." (Complaint ¶ 41.)

Defendant Sonny Weatherford, the elected Sheriff of Sumner County, is responsible for overseeing and exercising law enforcement authority throughout the County (T.C.A. § 8-8-201(b)(1)), which duties include conducting investigations, searches, and seizures, and issuing citations for alleged violations of T.C.A. §§ 55-8-187. Defendant Weatherford is also responsible for supervising and training all law enforcement officers under his command, including Defendants Chris Sanford, Kyle Mahaney, Justin Downs, and Carl Edison, who were acting under a delegation of his authority in his official capacity in taking the law enforcement actions against Plaintiff Ennis that are at issue in this case. (Complaint ¶ 65.) Defendant Weatherford is empowered to and does "make decisions and adopt policies" designed to implement his law enforcement, supervisory, and training authority over all deputies serving under him, including Defendants Sanford, Mahaney, Downs, and Edison. (T.C.A. § 5-23-108.) He maintains the SCSO in Gallatin, Tennessee, for these purposes. (Complaint ¶ 14.) Defendants Sanford and Mahaney, both in their individual capacities and in their official capacities as agents, servants, and employees of the SCSO, were acting under the color of law and under the supervision, training, and direction of Defendant Weatherford, and under a delegation of authority from Defendant Weatherford to carry out the actions injuring Plaintiff Ennis, which were based on policies, customs, and/or practices established, implemented, and/or propagated by Defendant Weatherford and Defendant Holt. (Complaint ¶ 63.) As to Defendants Downs and Edison, they were senior law enforcement officers within the SCSO who were on clear notice of the enforcement actions taken against Plaintiff Ennis. They had the opportunity and authority to intervene but took no remedial action and instead expressly or tacitly ratified, approved, and supported the enforcement actions of the subordinate deputies. Defendants

Downs and Edison are therefore also responsible and liable for the constitutional injuries Plaintiff Ennis suffered, both in their individual capacities and in their official capacities as agents, servants, and employees of the SCSO. They acted under the color of law and under the supervision, training, and direction of Defendant Weatherford, and based on the policies, customs, and practices established and implemented by Defendants Weatherford and Holt. (Complaint ¶ 64.)

Defendant Anthony Holt, as the County Executive and County Mayor of Sumner County, is the County's "chief executive officer," T.C.A. § 5-6-101(d)(1), and is responsible for "exercising general supervision of the county government," *see* T.C.A. § 5-6-106(a). The County government includes the office of the SCSO maintained by Defendant Weatherford. (Complaint ¶ 13.) In his official capacity, Defendant Holt is responsible for the general oversight and management of the affairs within the SCSO, which affairs include establishing and implementing policies, customs, and practices concerning appointment, training, supervision, discipline, and retention of the SCSO personnel, as well as all law enforcement activities of the SCSO peace officers acting under a delegation of authority to carry out the policies, customs, and practices of Defendant Weatherford and the SCSO being challenged in this action. (Complaint ¶ 71.)

## IV. LEGAL ARGUMENT

### A. *Plaintiffs Cannot Obtain the Full and Effective Relief They are Entitled to Seek and Be Granted Without Maintaining the Suit Against All Official Capacity Defendants*

Plaintiffs' Complaint is replete with specific allegations as to how Defendants Holt and Weatherford are responsible for the acts of the other Defendants. Again, Defendant Weatherford is responsible for establishing and implementing the policies, customs, and practices of the SCSO; the appointment, training, supervision, discipline, and retention of the SCSO personnel (including the other Defendants Sanford, Mahaney, Downs, and Edison); and for the law enforcement activities of the SCSO peace officers acting under his delegation of authority to carry out of the

4

policies, customs, and practices that Defendant Weatherford establishes and implements. (Complaint ¶ 65.) As Sheriff, Defendant Weatherford was aware or reasonably presumed to be aware of all law enforcement actions taken by his deputies resulting in citations for alleged violations of state law that are or will be pressed forward and presented to the County prosecutor for prosecution, including the actions at issue taken against Plaintiff Ennis. (Complaint ¶ 66.) In failing or refusing to take any remedial action despite the opportunity and authority to intervene, Defendant Weatherford expressly or tacitly ratified, approved, and supported the enforcement actions of the subordinate officers and expressly or tacitly ratified, approved, and supported the pressing forward of the charge and presenting it to the County prosecutor for prosecution against Plaintiff Ennis based on the unconstitutional law enforcement actions. (*Id.*)

The Complaint alleges in detail how all the named subordinate law enforcement officers pursued the citation against Plaintiff Ennis with a united front: Defendant Sanford initiated the traffic stop, detained Plaintiff Ennis, and issued him the citation, all with the backing and support of Defendant Mahaney who was his training officer at the time; when Plaintiff Ennis took his concerns up the chain of command, Defendant Downs not only supported these actions, but doubled-down on the enforcement effort, claiming it was righteous and lawful because "some may find [the message] offensive," including himself since he would not want his children to be exposed to it on the public roads. (Complaint ¶ 67.) Further, Defendant Edison, being fully aware of Defendant Downs's illegitimate justification for pursuing the citation, refused to question the validity of these enforcement actions, essentially standing in complete solidarity with the other officers by deferring entirely to their judgments. He also actually expressed a personal interest in seeing the charge press forward into court where it would "be interesting" to him to see "what transpire[d]" with it. Such unity in thought, purpose, and action regarding the targeting of Plaintiff Ennis's speech exposes the existence of a policy, custom, or practice within the SCSO of targeting

5

speech of this nature as "obscene" or "offensive" for purposes of attempting to unconstitutionally ban it from the public roadways, which represents a moving force behind the enforcement actions of concern. (Complaint ¶ 68.) The circumstances further reveal that Defendant Weatherford was aware of and actively promoted this policy, custom, or practice, or at least acted with deliberate indifference towards it, and, in either event, has expressly or tacitly permitted, facilitated, or propagated the resulting constitutional violations. (Complaint ¶ 69.)

Regarding Defendant Holt, again, he is the County Executive, County Mayor, and chief executive officer of Sumner County and responsible for exercising general supervision of all business within the County government, including that of the SCSO. And Defendant Holt is responsible for the general oversight and management of the affairs of the SCSO maintained by Defendant Weatherford, which affairs include establishing and implementing the policies, customs, and practices concerning appointment, training, supervision, discipline, and retention of the SCSO personnel, as well as the law enforcement activities of the SCSO peace officers acting under a delegation of authority to carry out of the policies, customs, and practices that Defendant Weatherford establishes and implements, which officers include Defendants Sanford, Mahaney, Downs, and Edison. As such, like Defendant Weatherford, Defendant Holt was aware or reasonably presumed to be aware of all such policies, customs, and practices, formal or informal, which are moving forces behind the enforcement actions against Plaintiff Ennis and others who have been targeted for similar speech, and he had the opportunity and authority to intervene and prevent the constitutional violations. (Complaint ¶ 71.) Defendant Holt's failure or refusal to take any remedial action demonstrates express or tacit approval, ratification, or support of these unconstitutional policies, customs, and practices. At the least, it represents a deliberate indifference towards the same which, in either event, expressly or tacitly permitted, facilitated, or propagated the resulting constitutional violations. (Complaint ¶ 72.)

The relief sought in this matter requests that the Defendants sued in their official capacities be enjoined from further violating the rights of Plaintiff Ennis and the rights of members of the Institutional Plaintiffs. Specifically, the Request for Relief calls for:

> (d) Injunctive relief against each Defendant, all officers, employees, agents of each Defendant, all persons acting in cooperation with each Defendant or under the supervision, direction, or control of each Defendant, from, directly or indirectly, continuing to enforce, authorizing, or permitting the enforcement of, or elsewise propagating, whether under the ostensible authority of T.C.A. §55-8-187 or otherwise, the policies, customs, and practices of targeting for unconstitutional suppression displays on or in motor vehicles of protected speech similar to the protected speech at issue here.

As is evident from the facts as pled in this action—and which the Court must regard as true for purposes of a 12(b)(6) request for dismissal—both Defendants Holt and Weatherford were and are instrumental in the creation, promulgation, and enforcement of these SCSO's policies and procedures at issue in this case, and Defendants Sanford, Mahaney, Downs, and Edison were acting in their official capacities under a delegation of the authority from Defendant Weatherford at all operative times, just as Defendant Weatherford was acting under a delegation of authority from Defendant Holt. Maintenance of the suit against all Defendants sued in their official capacities is necessary to ensure that Plaintiffs may secure full and effective relief should they ultimately prevail on their claims, and the Complaint therefore specifically requests such relief to that end.

The Request for Relief also specifically seeks the following additional relief:

> (f) Consistent with his duty as Sheriff of Sumner County, Plaintiffs request an order instructing Defendant Weatherford to train his subordinate officers in the proper interpretation and enforcement of T.C.A. §55-8-187 as reasonably necessary to ensure that this law, and all related policies, customs, and practices of the SCSO, are applied in a manner consistent with the rights to remain to free of unreasonable search and seizure and to engage in protected speech as guaranteed under the federal and state Constitutions.

Thus, Plaintiffs have reasonably requested relief requiring Defendant Weatherford to train

7

his subordinate officers in the proper enforcement of T.C.A. §55-8-187—and by extension the proper recognition of their constituents' constitutionally protected rights. Indeed, at no point do Defendants claim that this, or any of the other requested relief, is improper or that this Court lacks the jurisdictional or legal authority to grant it. And such relief is neither redundant nor unnecessary. In fact, had such training been provided by Defendant Weatherford in the first instance, this entire situation could have been avoided and, in any event, Plaintiffs rightfully claim that such relief is essential to the remedy they seek and to which they have properly pleaded they are entitled on their claims. Any general countervailing prudential concerns of judicial economy or efficiency are outweighed by Plaintiffs' interest in and entitlement to the full scope of relief the law would afford them, and that includes an order directly binding Defendant Weatherford to properly train his deputies, including Defendants Sanford, Mahaney, Downs, and Edison, in the lawful exercise of their official duties as his deputies charged with enforcing the criminal laws at issue in this action.

Moreover, Plaintiffs have sought declaratory relief against all the Defendants, including as to the official capacity of all Defendants sued in such capacity, based on each such Defendant's respective liability in his official capacity (as well as his individual capacity). (Request of Relief subsections (a) & (c).) This relief is requested against the full spectrum of Defendants in all their responsible capacities, which include the official capacity in which they each implemented, enforced, carried out, propagated, or otherwise expressly or tacitly carried out the law enforcement actions and related policies, customs, and practices being challenged in this suit. This Court has the authority to grant such relief, and it is fully appropriate to request as part and parcel of the remedy Plaintiffs seek based on the violations of constitutional rights. Defendants do not claim otherwise.

8

Case 3:20-cv-00805   Document 24   Filed 02/11/21   Page 9 of 13 PageID #: 138

## B. *Defendants Fail to Distinguish Between Claims for Equitable and Legal Relief Against Officials in their Official Capacity.*

Defendants rely heavily on the opinion in *Kentucky v. Graham*, 473 U.S. 159 (1985) to support the MTD seeking dismissal of the claims against the Defendants sued in their official capacities. But, they gloss over an important distinction that the *Graham* court drew between the types of relief being sought in such claims – legal, as opposed to equitable, remedies. Plaintiffs' claims and requested relief sound primarily in equity.

The *Graham* opinion circumscribes its limits as concerning only claims of a legal, non-equitable nature. For example, in explaining the nature of the claim at issue there, the Court said:

> Alleging a deprivation of a number of federal rights, respondents filed suit in Federal District Court. Their complaint **sought only money damages** and named as defendants various local and state law enforcement officers, the city of Elizabethtown, and Hardin County, Kentucky. Also made defendants were Commissioner Brandenburgh, "individually and as Commissioner of the Bureau of State Police," and the Commonwealth of Kentucky. The Commonwealth was sued, not for damages on the merits, but only for attorney's fees should the plaintiffs eventually prevail."

473 U.S. 159, 161-62 (emphasis added).

The Court focused on the legal nature of the claims at yet another point, saying:

> Thus, liability on the merits and responsibility for fees go hand in hand; where a defendant has not been prevailed against, either because of legal immunity or on the merits, § 1988 does not authorize a fee award against that defendant. Cf. *Pulliam v. Allen*, 466 U.S. 522, 543-544 (1984) (state judge liable for injunctive and declaratory relief under § 1983 also liable for fees under § 1988)…proper application of this principle **in damages actions** against public officials requires careful adherence to the distinction between personal- and official-capacity suits."

473 U.S. at 165 (emphasis added).

Likewise, the case of *Gean v. Hattaway* 330 F.3d 758 (6th Cir. 2003), which Defendants also cite in the MTD solely concerned plaintiffs asserting legal (and/or statutory) claims for relief, and not equitable ones.

9

By contrast, settled case law recognizes plaintiffs may properly maintain suits against individuals sued in their official capacities where the relief sought is equitable in nature (i.e., declaratory or injunctive). For example, in *Verizon Md. Inc. v. PCS*, 535 U.S. 635 (2001), the high court found that the plaintiff could properly maintain its action against the state commissioners in their official capacity. *Id.* at 648 (Kennedy, J., concurring). The Court's recognition of the plaintiffs' right to maintain such a suit emanates from its historical jurisprudence on this point. Many years ago, the Court held in *Pennoyer v. McConnaughty* 140 U.S. 1 (1891) that an action for an injunction would lie on grounds of equity "to restrain a person, who was a State officer, from performing an official act enjoined by the statute of the State." *Id.* at 10-11. The *Pennoyer* opinion went on to list a series of cases in which claims for equitable relief against "official capacity" defendants were found to be proper. *Id.* Here, the Complaint prays for both declaratory and injunctive relief, with injunctive relief being the primary form of relief requested (see sections (a), (b), (c) and (d) of the Request for Relief). Thus, the suit may properly be maintained all Defendants sued in their individual capacities.

## II.     CONCLUSION

Plaintiffs' claims, sounding primarily in equity, and pleading in painstaking detail the manifold ways in which each Defendant participated in a united front to violate Plaintiff Ennis's rights, clearly demonstrate why this suit must be maintained against all Defendants sued in their official capacities in order to secure the full scope of effective and appropriate relief which Plaintiffs are entitled to claim and which this Court is empowered to grant. Plaintiffs respectfully request that the Court DENY Defendants' Motion to Dismiss.

    Respectfully submitted:

    */s/ Lloyd R. Tatum*
    Lloyd R. Tatum
    BPR # 011326

10

Case 3:20-cv-00805   Document 24   Filed 02/11/21   Page 11 of 13 PageID #: 140

Tatum & Tatum  
Tatum Building  
124 E. Main Street  
P.O. Box 293  
Henderson, TN 38340  
Tel.: 731-989-3493  
Email: Lloydtatum1@yahoo.com  
*Local Co-Counsel*

| | |
|---|---|
| */s/ Raymond M. DiGuiseppe* | */s/ Michael P. Sousa* |
| Raymond M. DiGuiseppe | Michael P. Sousa |
| The DiGuiseppe Law Firm, P.C. | Law Offices of Michael P. Sousa, APC |
| 4320 Southport-Supply Road, Suite 300 | 3232 Governor Dr., Suite A |
| Southport, NC 28461 | San Diego, CA 92122 |
| Tel.: 910-713-8804 | Tel.: 858-453-6122 |
| Email: law.rmd@gmail.com | Email: msousa@msousalaw.com |
| *Admitted Pro Hac Vice* | *Admitted Pro Hac Vice* |

*/s/ Eugene Volokh*
Eugene Volokh
385 Charles E. Young Dr. E.
Los Angeles, CA 90095
Tel.: 310-206-3926
Email: volokh@law.ucla.edu
*Admitted Pro Hac Vice*

11

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 11$^h$ day of February, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.