IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| NICHOLAS ENNIS, FIREARMS POLICY COALITION, INC., and FIREARMS POLICY FOUNDATION, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF SUMNER, TENNESSEE; ANTHONY HOLT in his official capacity as County Executive and County Mayor of Sumner County, TN; ROY "SONNY" WEATHERFORD in his official capacity as Sumner County Sheriff; CHRIS SANFORD in his individual and official capacities, KYLE MAHANEY in his individual and official capacities; JUSTIN DOWNS in his individual and official capacities; and CARL EDISON in his individual and official capacities, <br><br> Defendants. | Civil Action No. 3:20-cv-805 <br><br> Chief Judge Waverly D. Crenshaw <br> Mag. Judge Barbara D. Holmes <br><br> JURY DEMAND |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS OFFICIAL CAPACITY CLAIMS FOR FAILURE TO STATE A CLAIM**

Come now Defendants, by counsel, and in support of their Motion to Dismiss Official Capacity Claims for Failure to State a Claim, state as follows:

**A.      Official Capacity Claims for Legal Relief**

Plaintiffs' prayer for relief includes requests for legal relief in the form of nominal damages, compensatory damages, and attorney's fees, costs and expenses. (Compl. p. 43, (g)-(i).) As explained in Defendants' Motion to Dismiss, such claims against individuals in their official capacity are redundant when brought in conjunction with a claim against the municipality itself.

1

832740.2/020200106
Case 3:20-cv-00805   Document 25   Filed 02/16/21   Page 1 of 6 PageID #: 143

*See, e.g., Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

Plaintiffs do not directly address this argument, and thus apparently concede that the official capacity claims for legal or monetary damages against the individual Defendants are one-and-the-same with the claims against the County and therefore redundant. Accordingly, such claims should be dismissed as requested in Defendants' Motion to Dismiss.

**B.     Official Capacity Claims for Equitable Relief**

Plaintiffs also request equitable relief in their Complaint, seeking retroactive relief related to the citation Plaintiff Ennis received in 2019, as well as prospective relief related to an unsubstantiated fear that he (or unrelated third parties) may receive a future citation for the same or similar window sticker. (Compl. p. 40-42, (a)-(f).) Plaintiffs argue their "claims and requested relief sound primarily in equity," and therefore "the suit may be properly maintained [against] all Defendants[.]" (Pls.' Resp. p. 10, 11.) The equitable relief sought includes both injunctive and declaratory relief. (Compl. p. 40-42, (a)-(f).)

**1.     The Retroactive Equitable Relief Requested by Plaintiffs against the Individual Defendants in Their Official Capacity is Barred.**

Plaintiffs seek, in part, equitable relief based on the issuance of the citation at issue on September 25, 2019. (*See, e.g.,* Compl. at 40, (a) and (c) ("declaratory judgment that [Sumner County's policies] have violated" Plaintiffs' constitutional rights); *see also* Pls.' Resp. at 8.) Any request which seeks retroactive equitable relief is barred, because the *Ex Parte Young* exception permitting suits against state officials in their official capacity "does not extend to any retroactive relief." *Shabazz v. Schofield*, No. 3:13-cv-00091, 2013 U.S. Dist. LEXIS 25969, at *26 (M.D. Tenn. Feb. 26, 2013) (citing *Quern v. Jordan*, 440 U.S. 332, 338 (1979)). "Indeed, if a plaintiff's complaint against state officials is 'based entirely on past acts and not continuing conduct that, if

2

stopped, would provide a remedy to them, . . . it . . . does not come under the doctrine of *Ex Parte Young*.'" *Id.* (quoting *Gean v. Hattaway*, 330 F.3d 758, 776 (6th Cir. 2003)).

Therefore, to the extent Plaintiffs' requests for equitable relief seek solely retroactive relief based on a past act – that is, alleged constitutional violations caused by the citation issued on September 25, 2019, for Plaintiff Ennis' window sticker – such claims are barred.

### 2. The Prospective Equitable Relief Requested by Plaintiffs is Barred Because It is Speculative and Hypothetical.

Plaintiffs' Complaint also seeks prospective equitable relief based on a subjective fear of "further risk of law enforcement action or criminal prosecution." (Compl. at 42, (e); *see also* Pls.' Resp. at 7.) To seek declaratory (or injunctive) relief, a plaintiff must "show that he is subject to 'actual present harm or a significant possibility of future harm.'" *Grendell v. Ohio Supreme Ct.*, 252 F.3d 828, 833 (6th Cir. 2001) (quoting *Nat'l Rifle Ass'n v. Magaw*, 132 F.3d 272, 279 (6th Cir. 1997). A "subjective fear" about a possible future adverse action is insufficient to state a "case or controversy." *Preiser v. Newkirk*, 422 U.S. 395, 403 (1975). Similarly, with respect to claims for injunctive relief under 42 U.S.C. § 1983 for an alleged deprivation of a federally protected right, the Supreme Court has held that "[t]he equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any *real or immediate* threat that the plaintiff will be wronged again — a 'likelihood of substantial and immediate irreparable injury.'" *L.A. v. Lyons*, 461 U.S. 95, 111 (1983) (emphasis added) (citation omitted); *see also Moncier v. Jones*, 939 F. Supp. 2d 854, 859 (M.D. Tenn. 2013).

No actual present harm or significant possibility of future harm exists here, and any concern about receiving another citation is purely hypothetical, conjectural, and subjective. Without a significant possibility of future harm or a likelihood of real and immediate irreparable injury, Plaintiffs' request for prospective equitable relief should be dismissed.

### 3. The Equitable Relief Sought by Plaintiffs on Behalf of Non-Parties is Barred.

The equitable relief on which Plaintiffs base their claims against the official-capacity Defendants also references "similarly situated individuals . . . who have already suffered constitutional injury . . . and who continue to face credible threats of such injury unless and until they obtain the relief" sought. (Compl. ¶ 4; *see also, e.g.,* ¶¶ 8, 45, 75.) To the extent Plaintiffs' equitable relief is based on the rights on behalf of "similarly situated" persons, such claims fail.

"In the ordinary course, a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties." *Powers v. Ohio*, 499 U.S. 400, 410 (1991) (citing *Dept. of Labor* v. *Triplett*, 494 U.S. 715, 720 (1990); *Singleton* v. *Wulff*, 428 U.S. 106 (1976)). This general rule is subject to "certain, limited exceptions. . . . The litigant must have suffered an 'injury in fact,' thus giving him or her a 'sufficiently concrete interest' in the outcome of the issue in dispute; the litigant must have a close relation to the third party; and there must exist some hindrance to the third party's ability to protect his or her own interests." *Id.* at 410-11 (citations omitted).

Plaintiffs' attempt to assert the rights of "similarly situated individuals" is not permitted. Plaintiffs have not requested class certification, nor have they established a close relationship permitting third party standing. Any proposed claims on behalf of non-parties are therefore barred. *See Covington v. Knox County School System*, 205 F.3d 912, 917 n.7 (6th Cir. 2000). The parties to this litigation may therefore seek relief only on their own behalf.

### C. Conclusion

For the aforementioned reasons, Defendants respectfully request this Court to grant its Motion to Dismiss the official capacity claims for failure to state a claim for which relief may be granted.

Respectfully submitted:

*/s/ Thomas B. Russell*
Leah May Dennen, #12711
Sumner County Law Director
Benjamin C. Allen, #35923
355 North Belvedere Drive, Room 303
Gallatin, TN 37066
615-451-6060
LeahMay@sumnercountytn.gov
Ben@sumnercountytn.gov

Thomas B. Russell, #26011
Sarah L. Locker, #31994
GULLETT SANFORD ROBINSON & MARTIN PLLC
150 Third Avenue South, Suite 1700
Nashville, TN 37201
615-244-4994
trussell@gsrm.com; slocker@gsrm.com

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

    I hereby certify that on the 16th day of February, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Eugene Volokh
385 Charles E. Young Dr. E.
Los Angeles, CA 90095
volokh@law.ucla.edu

*Attorney for Plaintiffs*

Lloyd R. Tatum
Tatum & Tatum
P O Box 293
124 E Main Street
Henderson, TN 38340
lloydtatum1@yahoo.com

*Attorneys for Plaintiffs*

Michael Sousa
3232 Governor Drive, Suite A
San Diego, CA 92122
msousa@msousalaw.com

*Attorney for Plaintiffs*

Raymond DiGuiseppe
The DiGuiseppe Law Firm, P.C.
4320 Southport-Supply Road, Suite 300
Southport, NC 28461
law.rmd@gmail.com

*Attorneys for Plaintiffs*

                        */s/ Thomas B. Russell*