UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NICHOLAS ENNIS, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 3:20-cv-00805 |
| COUNTY OF SUMNER, TENNESSEE, et al., | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Regarding obscenity, Supreme Court Justice Potter Stewart famously wrote, "I know it when I see it . . . ." Jacobellis v. Ohio, 378 U.S. 184, 197 (1964) (Potter, J., concurring). Although threshold tests for finding obscenity have changed, the concept remains somewhat nebulous, and, at times, contentious. See Brown v. Entm't Mercs. Ass'n, 564 U.S. 786, 808 (2011) (citing Miller v. California, 413 U.S. 15 (1973)). This case is an example of why. At issue is a Tennessee state statute regulating obscenities and a bumper sticker that, depending on one's viewpoint, is either pro-Second Amendment or anti-gun control.

Plaintiff Nicholas Ennis, along with two firearms policy organizations, brought a two-count action under 42 U.S.C. § 1983 against Sumner County, Tennessee and various county officials ("Defendants"). Pending before the Court is Defendants' fully briefed Motion to Dismiss (Doc. Nos. 21, 22, 24, 25). The only issue raised by Defendants is whether Plaintiffs may bring claims against both Sumner County and county officials in their official capacities. Because they cannot, the Court will grant Defendants' motion. Whether the bumper sticker itself is obscene, or whether the Tennessee state statute is unconstitutional, are issues for another day.

## I. FACTUAL ALLEGATIONS[1]

Nicholas Ennis supports the Second Amendment and shows his support in numerous ways. (Compl. ¶¶ 1, 22). For example, he is a member of two organizations with whom he brought this case, the Firearms Policy Coalition ("FPC") and the Firearms Policy Foundation ("FPF"). (Id. ¶¶ 5–6). He also displayed a bumper sticker on this truck that reads, "Fuck Gun Control." (Id.).

On September 25, 2019, Ennis pulled his sticker-adorned truck into a gas station. (Id. ¶ 3). As he was about to leave, two nearby Sumner County Sheriff's deputies, Chris Sanford and Kyle Mahaney, noticed the sticker, stopped Ennis, and issued him a citation for displaying an offensive message in violation of T.C.A. § 55-8-187. (Id. ¶¶ 3, 32). Ennis disputed the traffic stop and citation from the onset, arguing that the Tennessee statute unconstitutionally infringed his freedom of speech, among other constitutional rights. (Id. ¶ 29). He escalated his concerns beyond Sanford and Mahaney to supervising sheriff officials, including deputies Justin Downs and Carl Edison. (Id. ¶¶ 38–39). Despite Ennis's protests, Defendants would not rescind the citation. (Id. ¶¶ 39, 41).

Ennis then brought this Section 1983 action alleging First, Fourth, and Fourteenth Amendment violations on behalf of himself, members of FPC and FPF, and similarly situated individuals ("Plaintiffs"). (Id. ¶ 4). The suit named as Defendants: (1) Sumner County, Tennessee; (2) Sumner County Chief Executive and Mayor Anthony Holt; (3) Sumner County Sheriff Sonny Weatherford; (4) Deputy Sheriff Chris Sanford, (5) Deputy Sheriff Kyle Mahaney; (6) Officer Justin Downs; and (7) Officer Carl Edison. (Id. ¶¶ 12–18). Holt and Weatherford were sued in their official capacities only, while Sanford, Mahaney, Downs, and Edison were sued in both their individual and official capacities.

---

[1] The relevant background and facts necessary to resolve the pending motion to dismiss are drawn from the Complaint (Doc. No. 1) ("Compl.") and are accepted as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); see also Doe v. Baum, 903 F.3d 575, 581 (6th Cir. 2018).

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "the complaint must include a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" Ryan v. Blackwell, 979 F.3d 519, 524 (6th Cir. 2020) (quoting Fed. R. Civ. P. 8(a)(2)). When determining whether the complaint meets this standard, the Court must accept all of the complaint's factual allegations as true, draw all reasonable inferences in the plaintiff's favor, and "take all of those facts and inferences and determine whether they plausibly give rise to an entitlement to relief." Doe v. Baum, 903 F.3d 575, 581 (6th Cir. 2018); see also Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009). Moreover, the Court must determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002) (quoting Scheuer v. Rhodes, 416 U.S. 232 (1974)). But "[w]hile the complaint 'does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.'" Blackwell, 979 F.3d at 524 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

## III. ANALYSIS

Defendants argue that because Plaintiffs have already named Sumner County as a defendant, their naming of the county officials in their official capacities is redundant and fails to state a claim for relief. (Doc. No. 22 at 2).[2] Plaintiffs counter that the official capacity claims should remain because they request "specific declaratory and injunctive relief against each Defendant in order to secure full and effective relief on their claims." (Doc. No. 24 at 1).

---

[2] Defendants do not challenge whether the claims themselves meet the Rule 12(b)(6) standard. Accordingly, the claims will proceed against the remaining Defendants.

3

Official capacity suits are synonymous with suits against a governmental entity "of which an officer is an agent." Faith v. Baptist Church v. Waterford Twp., 522 F. App'x 322, 327 (6th Cir. 2013) (citing Everson v. Leis, 556 F.3d 484, 493–94 n. 3 (6th Cir. 2009)); see also Briner v. City of Ontario, 370 F. App'x 682, 699 (6th Cir. 2010). "As a consequence, claims against individual defendants sued in their official capacities are routinely dismissed as 'superfluous' or 'redundant' where the entity whose policies are at issue is also sued." Walker v. Terry, No. 2:12-cv-00059, 2013 U.S. Dist. LEXIS 59746, at *2 (M.D. Tenn. Apr. 25, 2013). Courts therefore regularly dismiss official capacity claims that "mirror" those brought against the employing entity. See Jackson v. Shelby County Gov't, No. 07-6356, 2008 WL 4915434, at *1 (6th Cir. 2008); see also Link ex rel. Link v. Metropolitan Government of Nashville and Davidson Cty., No. 3:12-cv-0472, 2012 WL 4506028, at *8 (M.D. Tenn. Sept. 28, 2012).

Here, Plaintiffs bring claims against Sumner County in addition to six county officials in their official capacities. Having reviewed the Complaint, the Court finds that the claims against the county officials "mirror" those against Sumner County and should therefore be dismissed as redundant. Indeed, in both counts, Plaintiffs allege that "[a]ll Defendants are [l]iable" in their official capacities as agents, servants, and employees of the Sumner County Sheriff's Office." (Compl. ¶¶ 63, 77–78). Plaintiffs also allege that the injuries suffered by Ennis were "based on policies, customs, and/or practices established, implemented, and/or propagated by . . . the County itself." (Id.). Plaintiffs' words clearly assert mirroring claims against both Sumner County and the county officials.

Plaintiffs attempt to sidestep the prevailing case law by arguing that complete relief could not be afforded without the named county officials. (Doc. No. 24 at 1). Specifically, they argue that specific declaratory and injunctive relief is alleged against the county officials, which could

4

not be afforded against Sumner County by itself. (Id.). But Plaintiffs' argument is unavailing, as there is simply "no longer a need to bring official-capacity actions against local government officials . . . local government units can be sued directly for damages *and injunctive or declaratory relief*." Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985) (emphasis added); see also Stewart v. City of Memphis, No. 2:16-cv-02574-STA-dkv, 2017 WL 627467, at *3–4 (W.D. Tenn. Feb. 15, 2017). Adequate relief can be afforded here. The county officials were subordinate to, and agents of, Sumner County, and they allegedly abided by policies that flowed from the county level. Accordingly, any declaratory or injunctive relief against the county officials would have been redundant to the claims against Sumner County.

**IV.     CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss (Doc. No. 21) is **GRANTED**. Plaintiffs' claims against Holt, Weatherford, Sanford, Mahaney, Downs, and Edison in their official capacities are **DISMISSED** because those claims are synonymous with those brought against Sumner County. Plaintiffs' claims will proceed against Sumner County and Sanford, Mahaney, Downs, and Edison in their individual capacities.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

5

Case 3:20-cv-00805   Document 32   Filed 07/13/21   Page 5 of 5 PageID #: 168