# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | | |
|---|---|---|
| NICHOLAS ENNIS, FIREARMS POLICY COALITION, INC., and FIREARMS POLICY FOUNDATION, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 3:20-cv-805 |
| COUNTY OF SUMNER, TENNESSEE; ANTHONY HOLT in his official capacity as County Executive and County Mayor of Sumner County, TN; ROY "SONNY" WEATHERFORD in his official capacity as Sumner County Sheriff; CHRIS SANFORD in his individual and official capacities, KYLE MAHANEY in his individual and official capacities; JUSTIN DOWNS in his individual and official capacities; and CARL EDISON in his individual and official capacities, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Chief Judge Waverly D. Crenshaw Mag. Judge Barbara D. Holmes  JURY DEMAND |
| Defendants. | ) | |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

On February 24, 2022, Plaintiffs Nicholas Ennis ("Plaintiff Ennis"), Firearms Policy Coalition, Inc. ("FPC"), and Firearms Policy Foundation ("FPF") (collectively, "Plaintiffs") filed a Notice of Supplemental Authority, (Doc. No. 46), bringing to the Court's attention the recently-decided case of *Wood v. Eubanks*, 2022 U.S. App. LEXIS 3427 (6th Cir. Feb. 8, 2022). Defendants Sumner County, Tennessee, Kyle Mahaney, Justin Downs, and Carl Edison (collectively, "Defendants") respectfully respond as follows:

In *Wood*, the two claims addressed by the Sixth Circuit were (1) false arrest and (2) First Amendment retaliation. Here, Plaintiffs have not made a false arrest claim; only the First

1

871285.1/020200106

Case 3:20-cv-00805   Document 47   Filed 03/04/22   Page 1 of 4 PageID #: 655

Amendment retaliation claim is pertinent to the instant cause of action. While the Court in *Wood* also addressed use of the "F" word in public (written on a fair-goer's shirt), it is distinguishable from the instant case in three important ways.

First, the *Wood* Court's analysis of the officers' qualified immunity argument centers around Mr. Wood's false arrest claim, not his First Amendment claim. Rather, the reversal of the District Court's grant of summary judgment to the officers on the First Amendment claim was premised upon the existence of disputed facts concerning whether Mr. Wood's profane shirt was a substantial or motivating factor in the decision to take adverse action against him.

Second, even if the Court's qualified immunity analysis with respect to the false arrest claim was directly on point, it is further distinguishable from the instant case because here, deputies needed only reasonable suspicion, as deputies were issuing a citation. In *Wood*, the burden of proof was higher, as the plaintiff was being arrested for disorderly conduct under Ohio statute, and thus probable cause was necessary.

Finally, in holding that the right allegedly violated in *Wood* was clearly established, the Sixth Circuit references three other cases where the Sixth Circuit examined whether profane, insulting language could be the basis of an *arrest* for disorderly conduct. *Henry v. City of Flint*, 814 Fed. Appx. 973 (6th Cir. 2020) (extensive cursing, insults, and yelling at officers did not provide probable cause under the City of Flint, Mich., disorderly conduct ordinance); *Greene v. Barber*, 310 F.3d 889 (6th Cir. 2002) (plaintiff calling officers "stupid" and "a**hole" did not provide probable cause to arrest under the Grand Rapids, Mich., disorderly conduct ordinance); *Kennedy v. City of Villa Hills*, 635 F.3d 210 (6th Cir. 2011) (arrestee calling officer a "fat slob" did not provide probable cause to arrest under Kentucky disorderly conduct statute). The Sixth Circuit found that the defendants in *Wood* could not rely on qualified immunity because Mr.

Wood's "right to be free from arrest under these circumstances" – that is, where profane language is used against law enforcement – was clearly established.

*Henry*, and the prior cases on which it relies, demonstrates that the right regarding disorderly conduct was clearly established when Mr. Wood was arrested. However, this is inapposite to the case at bar. Here, Defendants have argued that the Tennessee statute at issue regarding "obscene or patently offensive bumper stickers," is ambiguous and unclear, and that as such the deputies were reasonable in their interpretation of the statute. Defendants are not aware of, and Plaintiffs have not pointed to, any case law interpreting Tenn. Code Ann. § 55-8-187. Indeed, Plaintiffs' reliance on *Wood* serves to emphasize the difference between a right that is clearly established and one where ambiguity and lack of clarity led to a reasonable mistake as to whether a citation was appropriate.

The Sixth Circuit ultimately concluded that the language on Mr. Wood's shirt, "while coarse, was constitutionally protected." While Defendants admit that particular holding may be applicable to the speech at issue here, it is neither controlling nor dispositive as to Defendants' qualified immunity defense and whether or not the right allegedly violated by Defendants was clearly established.

Respectfully submitted,

*/s/ Sarah L. Locker*
Leah May Dennen, #12711
Sumner County Law Director
Benjamin C. Allen, #35923
355 North Belvedere Drive, Room 303
Gallatin, TN 37066
615-451-6060
LeahMay@sumnercountytn.gov
Ben@sumnercountytn.gov

Thomas B. Russell, #26011
Sarah L. Locker, #31994
GULLETT SANFORD ROBINSON & MARTIN PLLC
150 Third Avenue South, Suite 1700
Nashville, TN 37201
615-244-4994
trussell@gsrm.com; slocker@gsrm.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of March, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Eugene Volokh
385 Charles E. Young Dr. E.
Los Angeles, CA 90095
volokh@law.ucla.edu
*Attorney for Plaintiffs*

Michael Sousa
3232 Governor Drive, Suite A
San Diego, CA 92122
msousa@msousalaw.com
*Attorney for Plaintiffs*

Lloyd R. Tatum
Tatum & Tatum
P O Box 293
124 E Main Street
Henderson, TN 38340
lloydtatum1@yahoo.com
*Attorneys for Plaintiffs*

Raymond DiGuiseppe
The DiGuiseppe Law Firm, P.C.
4320 Southport-Supply Road, Suite 300
Southport, NC 28461
law.rmd@gmail.com
*Attorneys for Plaintiffs*

Chris Sanford
111 Jameson Place
Hendersonville, TN 37075
*Pro Se Defendant*

/s/ Sarah L. Locker