IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| NICHOLAS ENNIS, FIREARMS POLICY COALITION, INC., and FIREARMS POLICY FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SUMNER, TENNESSEE; ANTHONY HOLT in his official capacity as County Executive and County Mayor of Sumner County, TN; ROY "SONNY" WEATHERFORD in his official capacity as Sumner County Sheriff; CHRIS SANFORD in his individual and official capacities, KYLE MAHANEY in his individual and official capacities; JUSTIN DOWNS in his individual and official capacities; and CARL EDISON in his individual and official capacities,<br><br>Defendants. | Civil Action No. 3:20-cv-805<br><br>Chief Judge Waverly D. Crenshaw<br>Mag. Judge Barbara D. Holmes<br><br>JURY DEMAND |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL MEDIATION

Come now Defendants County of Sumner, Tennessee, Kyle Mahaney, Justin Downs, and Carl Edison (collectively, "Defendants") and in support of their Motion to Compel Mediation, state as follows:

### I. INTRODUCTION

This case concerns an alleged violation of Plaintiff Nicholas Ennis's First and Fourth Amendment rights arising out of the issuance of a citation for Plaintiff Ennis's "F**k Gun Control" window sticker. The Complaint was filed on September 18, 2020. (Doc. No. 1.) All discovery has been completed, and all deadlines in the scheduling order have elapsed, other than pre-trial

1

deadlines. (Doc. No. 19; Doc. No. 20.) Plaintiffs filed a motion for summary judgment on November 15, 2021, to which Defendants responded and Plaintiffs replied. (Doc No. 36; Doc. No. 42; Doc. No. 44.) Plaintiffs' summary judgment motion remains pending before the Court. The matter is currently set for a three-day jury trial beginning May 10, 2022. (Doc. No. 20.)

The parties have engaged in settlement discussions over the course of the pending litigation, with Defendants most recently conveying a settlement offer to Plaintiffs on January 19, 2022, which Plaintiffs rejected. On March 17, 2022, counsel for Defendants sent an email to Plaintiffs' counsel to inquire if Plaintiffs would be willing to mediate this matter. The following day, Plaintiffs' counsel responded that his clients "don't enter into mediation over such claims" as a "general matter." However, Plaintiffs' counsel agreed to discuss with his clients whether they might be interested in further settlement discussions outside of mediation. On March 24, 2022, Plaintiffs' counsel declined to participate in mediation. He stated that his clients would be willing to engage in settlement discussions, but would not do so in the context of mediation.

**II.    LAW AND ARGUMENT**

This Court "encourages parties in civil cases to consider utilization of [alternative dispute resolution]" in order to "avoid the expense of protracted pretrial proceedings and of trial, and delay in adjudication." L.R. 16.02(a). Pursuant to the Court's scheduling order in this matter, the "Court encourages the parties and their counsel to carefully consider resolution of the case prior to trial," and "strongly encourages litigants in all pending civil cases to intensify their efforts at case resolution." (Doc. No. 19, p. 4 fn.1.) According to Local Rule 16.02(b)(1), either upon motion of the parties or on the Court's own initiative, "a Judge to whom the case is assigned may refer the case for mediation, a judicial settlement conference, or other nonbinding method of alternative dispute resolution provided by the Court, with or without the consent of the parties." L.R.

16.02(b)(1). In light of the legal and factual issues in this case, as well as in recognition of judicial and party resources, Defendants assert that this litigation would benefit from mediation and that mediation is appropriate at this time to see if the case can be resolved before trial.

This dispute lends itself in particular to a potentially successful mediation because of the equitable relief requested by Plaintiffs; a mediator may be more ably equipped to fashion a unique, flexible, or creative resolution to this case beyond or in addition to the relatively limited monetary damages at issue. Further, even if not completely successful, mediation could have the effect of limiting the claims, issues, or plaintiffs involved in the trial of this matter, and consequently contribute to a more efficient proceeding. Given the District Courts' congestion even prior to the pandemic, the current backlog of cases, and the legally-imposed priority status of criminal jury trials, mediation at this time is therefore in the best interest of judicial economy and efficiency.

Not only is mediation in the best interest of judicial economy, but it would benefit the parties as well. Reducing time and expense is especially important in cases such as this, where Plaintiffs' counsel[1] seeks recovery of attorney's fees if Plaintiffs prevail. Moreover, mediation will not require too much delay. Even if a short delay were necessary, the trial could still commence within a reasonable time after the conclusion of mediation. Defendants are willing and able to contribute their good faith participation toward a resolution of this case, and believe this dispute would be best addressed by a negotiated resolution rather than resolving the matter by jury trial. Counsel for Plaintiffs has not articulated any reason for his unwillingness to mediate, other than his statement that his clients do not mediate "such claims" as a general rule.

Accordingly, although Defendants prefer to mediate a case by agreement, in the interest of efficiency and in an attempt to reduce costs for both the Court and the parties, Defendants assert

---

[1] Plaintiffs are collectively represented by four separate law firms in this matter.

that this case is appropriate to be referred to mediation and respectfully requests that the Court order mediation at this time.

## III. CONCLUSION

Respectfully, Defendants request that this Court order the parties to mediate this matter in good faith before a mutually-agreeable mediator. Because of the multiple out-of-state parties and counsel in this case, Defendants further request that the parties be given at least sixty days within which to schedule the mediation, and for the current trial dates and pretrial deadlines to be stricken and reset if mediation is unsuccessful.

Pursuant to Local Rule 7.01, the undersigned certifies that he has conferred with all other counsel, and has been unable to reach agreement regarding the instant Motion.

Respectfully submitted,

*/s/ Thomas B. Russell*
Leah May Dennen, #12711
Sumner County Law Director
Benjamin C. Allen, #35923
355 North Belvedere Drive, Room 303
Gallatin, TN 37066
615-451-6060
LeahMay@sumnercountytn.gov
Ben@sumnercountytn.gov

Thomas B. Russell, #26011
Sarah L. Locker, #31994
GULLETT SANFORD ROBINSON & MARTIN PLLC
150 Third Avenue South, Suite 1700
Nashville, TN 37201
615-244-4994
trussell@gsrm.com; slocker@gsrm.com

*Attorneys for Defendants*

4

## CERTIFICATE OF SERVICE

    I hereby certify that on the 25th day of March, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Eugene Volokh
385 Charles E. Young Dr. E.
Los Angeles, CA 90095
volokh@law.ucla.edu
*Attorney for Plaintiffs*

Michael Sousa
3232 Governor Drive, Suite A
San Diego, CA 92122
msousa@msousalaw.com
*Attorney for Plaintiffs*

Lloyd R. Tatum
Tatum & Tatum
P O Box 293
124 E Main Street
Henderson, TN 38340
lloydtatum1@yahoo.com
*Attorneys for Plaintiffs*

Raymond DiGuiseppe
The DiGuiseppe Law Firm, P.C.
4320 Southport-Supply Road, Suite 300
Southport, NC 28461
law.rmd@gmail.com
*Attorneys for Plaintiffs*

Chris Sanford
111 Jameson Place
Hendersonville, TN 37075
*Pro Se Defendant*

                                        */s/ Thomas B. Russell*