IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| NICHOLAS ENNIS, FIREARMS POLICY ) <br> COALITION, INC., and FIREARMS POLICY ) <br> FOUNDATION, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> COUNTY OF SUMNER, TENNESSEE; ) <br> CHRIS SANFORD, KYLE MAHANEY, ) <br> JUSTIN DOWNS, and CARL EDISON in ) <br> their individual capacities, ) <br> ) <br>     Defendants. ) | Civil Action No. 3:20-cv-805 <br><br> Chief Judge Waverly D. Crenshaw <br> Mag. Judge Barbara D. Holmes <br><br> JURY DEMAND |

## Plaintiffs' Response to Defendants' Motion to Compel Meditation

The motion to "compel mediation" filed by Defendants County of Sumner, Tennessee, Kyle Mahaney, Justin Downs, and Carl Edison rests on two assumptions: (1) mediation is quite likely to be "successful" in fully resolve all claims in this case; and (2) mediation is the only means by which to potentially avert the need for a trial. Dkt. Nos. 48 & 49. Neither assumption is true.

First, the parties have engaged in extensive settlement negotiations since the time this action was filed, with no success in reaching any agreeable resolution. The involvement of a third-party negotiator is not likely to make a difference at this point, particularly since defendant Chris Sanford is now an apathetic *pro se* litigant. Not only is Defendant Sanford not a party to the instant motion, but he has been completely uninvolved in this case since the lawsuit he filed against Sumner County last year fractured his relationship with the other defendants and their counsel. There's no reason to believe he would participate in any mediation process—especially when he hasn't even bothered to file a response to Plaintiffs' motion for summary judgment. Mediation has no real chance of success with one of the necessary parties absent from the bargaining table.

Second, as the other defendants acknowledge, Plaintiffs' summary judgment motion remains pending before the Court. That motion has been brought against all the defendants in this case and thus has the potential by itself to fully resolve everything at issue against every defendant—not just as to the defendants who seek mediation—obviating the need for any trial. Even a partial grant of the summary judgment motion as to one or more of the claims would by itself significantly narrow the scope of the claims and/or requested relief as to all the defendants, thereby necessarily reducing the time and resources involved with any trial that may ensue. That is the purpose of a *summary* judgment motion and the very reason Plaintiffs have brought one.

For these reasons, rather than "compelling" the parties into a mediation process that has little chance of success in resolving the claims against the defendants who request it and no chance of resolving the claims against an apathetic *pro se* litigant, the summary judgment motion should be adjudicated. Given its true potential to fully or at least partially resolve the claims as to all parties, doing so is the most prudent and potentially cost-effective course of action at this time. To accommodate this process, Plaintiffs concur in the request that "the current trial dates and pretrial deadlines … be stricken," Dkt No. 49 at p. 4, but to allow for disposition of the pending for summary judgment, not for a likely futile mediation process among only some of the parties.

Thus, Plaintiffs respectfully request that the Court deny the motion to compel mediation, vacate the pretrial and trial deadlines, and hold the matter in abeyance until the summary judgment motion has been adjudicated. At that time, the trial dates may be rescheduled to the extent that any trial proceedings may actually be necessary to resolve one or more of the claims at issue.
Dated this 28th day of March 2022.

Respectfully Submitted,

| | |
|---|---|
| */s/ Raymond M. DiGuiseppe* | */s/ Lloyd R. Tatum* |
| Raymond M. DiGuiseppe | Lloyd R. Tatum |
| The DiGuiseppe Law Firm, P.C. | BPR # 011326 |
| 4320 Southport-Supply Road, Suite 300 | Tatum & Tatum |
| Southport, NC 28461 | Tatum Building |
| Tel.: 910-713-8804 | 124 E. Main Street |
| Email: law.rmd@gmail.com | P.O. Box 293 |
| *Admitted Pro Hac Vice* | Henderson, TN 38340 |
| | Tel.: 731-989-3493 |
| | Email: Lloydtatum1@yahoo.com |
| | *Local Co-Counsel* |
| | |
| */s/ Michael P. Sousa* | */s/ Eugene Volokh* |
| Michael P. Sousa | Eugene Volokh |
| Law Offices of Michael P. Sousa, APC | 385 Charles E. Young Dr. E. |
| 3232 Governor Dr., Suite A | Los Angeles, CA 90095 |
| San Diego, CA 92122 | Tel.: 310-206-3926 |
| Tel.: 858-453-6122 | Email: volokh@law.ucla.edu |

**CERTIFICATE OF SERVICE**

  Plaintiffs certify that on the 28th day of March 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent through the Court's electronic filing system to all parties indicated on the electronic filing receipt. *Pro se* Defendant Chris Sanford was served by regular U.S. mail at the following address:

  Chris Sanford
  111 Jameson Place
  Hendersonville, TN 37075
  Pro Se Defendant

                   */s/ Raymond M. DiGuiseppe*